FILED
SUPERIOR COURT
OF GUAM

2022 OCT 26 AM 11: 03

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS,<br><br>Petitioner,<br><br>vs.<br><br>GUAM CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>vs.<br><br>JOSEPH CRUZ II,<br><br>Real Party in Interest. | Special Proceeding No. <u>SP0083-22</u><br><br>**DECISION AND ORDER REGARDING PETITIONER'S MOTION TO STAY CSC PROCEEDINGS AND STAY ENFORCEMENT OF JUDGMENT ENTERED BY THE CSC PENDING JUDICIAL REVIEW** |

The Court reviews whether there are sufficient grounds to stay the enforcement of the Guam Civil Service Commission's (CSC) judgment and any further CSC proceedings in *Cruz v. Department of Corrections*, Adverse Action Appeal Case No. 21-AA03T. Having reviewed the briefing, the Court finds that 4 GCA § 4406(g) prevents the Court from using its discretion to grant a stay over Cruz's reinstatement as ordered by the CSC. Similarly, the Court holds there are insufficient grounds to grant the remaining stay request because the Department of Corrections (DOC) has failed to meet its burden. Therefore, the Court DENIES DOC's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a DOC action terminating Cruz's employment. Cruz served as an officer with DOC until his termination for "insubordination, failure to follow orders, failure to submit requested documents, and failure to show up for work altogether." V. Pet. Jud. Rev. and

ORIGINAL

Writ Proh. at 1 (Verified Pet.) (June 17, 2022). Cruz appealed his termination to the CSC. The

CSC issued a judgment ordering DOC "to reinstate Cruz, pay him back pay and benefits, and pay

him attorney fees..." Mot. Stay at 2 (July 5, 2022).

DOC petitioned the Court for a judicial review and a Writ of Prohibition. DOC also

moved to stay the enforcement of the CSC judgment and any further CSC proceedings. DOC

also filed an *ex parte* Motion to Shorten Time on its Motion to Stay, primarily focusing on the

time-sensitive issue of Cruz's reinstatement. However, the Court denied the Motion to Shorten

Time, finding that on its face that 4 GCA § 4406(g) mandated Cruz's reinstatement until the

CSC's decision was overturned and that further briefing was required. Order Denying Ex Parte

Appl. (July 12, 2022).

Turning to the substance of DOC's arguments, DOC contends:

1. The CSC relied on one disputed fact in reaching its decision and refused to hold a

   hearing on the merits of that issue. Mot. Stay at 2.

2. The CSC failed to consider other independent instances of misconduct that

   occurred within the 90-day statutory period. *Id.*

3. The CSC violated various procedural rules in reaching its decision. *Id.* at 2–3.

4. The CSC allowed the unlicensed practice of law by letting Robert Koss, a lay

   representative, make legal arguments for Cruz and awarding Cruz attorneys fees.

   *Id.* at 2, 9.

Cruz opposes the motion, but addresses only the issue of his reinstatement—he does not

address the merits of any other issues presented in the Motion to Stay. *See generally* Opp'n Mot.

ORIGINAL

(Aug. 3, 2022). In his Opposition, Cruz argues that 4 GCA § 4406(g) requires his immediate reinstatement. *Id.* at 2–3. The DOC filed a reply brief to Cruz's opposition.[1]

## II.   ANALYIS

Guam Rule of Civil Procedure 62 provides that outside of the limited circumstances where a stay may be granted as of right, the Court has discretion in determining whether to grant a stay. Below, the Court addresses the DOC's requests for a stay. Cruz's reinstatement will be addressed separately from the remaining stay requests as a different statutory standard applies to each.

### A. Stay of Cruz's Reinstatement

Rule 62 provides the Court with discretion in granting a stay; however, when a more specific statute is available, that statute applies. *Camacho v. Est. of Gumataotao*, 2010 Guam 1 ¶ 19. Here, a more specific statute addresses the reinstatement of an employee after a CSC judgment. 4 GCA § 4406 provides in pertinent part:

> (g) Reinstatement Pending Judicial Review. Where the Commission has modified or revoked an adverse action in favor of the employee from the classified service, the employee *shall* be reinstated immediately pursuant to the terms of the decision until such time as the decision is overturned by judicial review.

"The plain language of the statute is the starting point for statutory interpretation[,]" and "absent clear legislative intent to the contrary, the plain language prevails. *Castro v. G.C. Corp.*, 2012 Guam 6 ¶ 20 (internal quotes omitted). Therefore, the Court conducts a plain language interpretation of this statute.

The language of this statute requires the reinstatement of Cruz. The statute uses the word "shall" and emphasizes that word regarding the immediate reinstatement of an employee.

---

[1] The Court declines to review arguments raised for first time in DOC's reply brief.

ORIGINAL

Further, there is no exception built into this statute. In relation to Cruz's reinstatement, the statute provides that after the commission has revoked an adverse action, the employee is to be reinstated until the decision is overturned by the Court. Without any exceptions, this means that Cruz must be reinstated because his adverse action was revoked, and his reinstatement can only be reversed after a decision by the Court. DOC argues the word "immediately" in the statute on employee reinstatement is ambiguous, but there is no reading of that word that would allow for the reinstatement to wait until a final decision by the Court. Similarly, DOC argues that the legislature did not take into account a situation where the reinstatement of an individual would be reversed by the Court. However, the language of the statute specifically accounts for that situation, providing for a change in circumstances upon a decision by the Court.

Even though it is unnecessary to review section 4406's legislative history, the history reinforces the Court's construction. In 2018, the legislature added subsection (g) of section 4406. *Committee Reports Bill No. 267-34*, GUAM LEGISLATURE ARCHIVES, https://www.guamlegislature.com/Committee_Reports_34th/Bill%20No.%20267-34%20(COR)%20ComReport.pdf (last visited Sept. 29, 2022). The senator who introduced the bill commented, "[i]n past and current cases classified employees who have won their cases have been forced to wait until the completion of judicial review to be reinstated to their positions, which may last months or even years[.] This bill requires management to reinstate employees immediately if the employee wins his or her appeal before the Commission." *Committee Reports Bill No. 267-34*. The legislature intended the same result reached by the Court which is to prevent persons from having to endure a judicial review before the person's reinstatement. Accordingly, as the statute is currently written, the Court does not have the discretion to stay the reinstatement of Cruz until it overturns the CSC. This means the Court cannot stay Cruz's reinstatement at present.



## B. Stay of CSC Proceedings, Back Pay, Benefits, and Attorney Fees

Moving beyond the stay of Cruz's reinstatement, the Court now addresses whether any other aspect of the CSC proceedings warrant a stay. In its analysis, the Court weighs four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26 (2009); *Benavente v. Taitano*, 2006 Guam 20 ¶ 15. The party requesting the stay has the burden of showing that the court should use its discretion to grant the stay. *Nken*, 556 U.S. at 425–26. In weighing the factors, the first two factors are the most important to consider. *Id.* at 434. "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Id.* at 435.

The DOC has brought eight counts in its Verified Petition for Judicial Review. The Court will analyze only the counts to the extent necessary to review this Motion for Stay.

### 1. Success on the Merits

The Guam Supreme Court has not addressed the issue of "success on the merits" as it relates to a stay; however, it has addressed this issue as a factor in the similar doctrine of injunctive relief.[2] In doing so, the Guam Supreme Court has stated that in reviewing the record they look for "any ground on which it may appear the seeking party may recover on the merits." *Guttierez*, 2015 Guam ¶ 40. Additionally, the Superior Court of Guam has looked to the Ninth Circuit for additional guidance on this standard. *see e.g., Camacho v. Shimizu*, CV0780-13

---

[2] The factors for a preliminary injunction are the same as the first two factors for a stay. *Gov't of Guam v. Guttierez*, 2015 Guam 8 ¶ 35. Similarly, the factors for an injunction pending appeal are identical to the factors for a stay. *Benavente*, 2006 Guam ¶ 15.

(Super. Ct. Guam Aug. 13, 2020). The Ninth Circuit has determined that there are varying approaches for analyzing this standard, including "fair prospect, substantial case on the merits, and serious legal questions…raised[,]" but they are all interchangeable, and "all of these formations indicate that, at a minimum, a petitioner must show there is a substantial case for relief on the merits." *Lair v. Bullock*, 697 F. 3d 1200, 1203–04 (9th Cir. 2012) (internal quotations omitted).

As it relates to the stay of enforcement for back pay and benefits, the Court finds DOC will likely be successful on the merits because the CSC failed to consider all but one disputed fact in reaching its decision. For the purposes of reviewing this matter, the Court needs to address only Counts One and Two from the DOC's Verified Petition because they indicate that DOC's primary argument that Cruz was not wrongfully terminated will succeed on the merits. Counts One and Two allege that the Decision was unsupported by evidence because the CSC relied on a disputed material fact regarding the first day Cruz missed work and did not consider additional misconduct occurring within the 90-day period. Verified Pet. ¶ 106–22. Section 4406 requires notice of an adverse action within 90 days after management "knew or should have known the facts or events which form the alleged basis for the adverse action." 4 GCA § 4406(b). Further, when there is a disputed material fact that has been timely objected to, the CSC should hold an evidentiary hearing. *Port. Auth. of Guam v. Civil Svc. Comm'n*, 2019 Guam 13 ¶ 15. In its Answer, the CSC admits that it failed to consider the incidents of insubordination and failure to follow orders that occurred in January 2021 and February 2021. Verified Pet. ¶ 116–18; Answer ¶ 1. They admit these items may have been dispositive and were material facts argued by the DOC. Verified Pet. ¶118; Answer ¶ 1. Further, DOC admits they relied on the single statement that December 2, 2021 was the first day Cruz failed to show up for work.



Verified Pet. ¶ 107; Answer ¶ 1. Despite the CSC's reliance on this statement, DOC and the record indicate that all prior statements and filings said that the first day was December 9, 2021, and the DOC objected to the CSC's reliance on this fact during the CSC proceedings. Verified Pet. ¶ 118 (The CSC claims to be without knowledge as to the date indicated in the prior statements and filings. Answer ¶ 3); *see generally* Decl. Heather M. Zona (July 5, 2022). Since the CSC admitted they reached their decision without an evidentiary hearing regarding the disputed fact of when the 90-day clock began and failed to consider additional independent grounds for the adverse action, it is likely that the DOC will succeed on the merits of their claim that the CSC decision is unsupported by the facts.

As it relates to the CSC's granting of attorney's fees to Cruz, the Court finds that the DOC will likely be successful on the merits because Cruz did not retain an attorney. For the purposes of reviewing this matter, the Court will only need to address the merits of Court Four of DOC's Verified Petition because it addresses the award of attorneys fees. Count Four alleges that the decision was unsupported by law because "4 GCA 4406.1 does not allow for the award of attorney fees here." Verified Pet. at 17. Section 4406.1 provides for attorneys fees when the party "retains an attorney." 4 GCA § 4406.1. Here, there is nothing included in any filings associated with this case that indicate Cruz retained an attorney. However, filings do reference Mr. Koss's role in the case. Mr. Koss is not an attorney; he was a lay representative from the Guam Federation of Teachers. Therefore, based on the information provided to the Court thus far, it is highly likely that the DOC will succeed on the merits of Count Four in relation to the award of attorneys fees because Cruz did not retain an attorney.

Finally, as it relates to the analysis for the stay of proceedings request, the Court looks to the merits of the case in general. *Arnold v. Melwani*, No. CV 09-00030 DAE, 2012 WL



13215323, at *1 (D. Guam Oct. 18, 2012). Therefore, the analysis and conclusions related to a stay for the specific claims regarding back pay, benefits, and attorneys fees are also the analysis necessary in making a determination for a stay of proceedings. As explained above, it is likely the DOC will prevail on the merits of those claims.

### 2. Irreparable Injury

As it relates to the second factor, there must be a showing of a probability of irreparable injury, not just some possibility. *Lair*, 697 F. 3d at 1214. The Court focuses on "the individualized nature of the irreparable harm not whether it is categorically irreparable." *Id.* (internal quotations omitted). Similar to the success on the merits issue above, the Guam Supreme Court has not addressed irreparable injury in relation to a stay; however, they have addressed it as a factor for an injunction.[3] The Superior Court of Guam has relied on this analysis when reviewing irreparable injury as a factors for a stay. *see e.g., Gov't of Guam v. WSTCO Quality Feed & Supply*, CV1379-10 (Super. Ct. Guam Feb. 2, 2018); *Joseph v. Guam Board of Allied Health Examiners*, SP100-12 (Super. Ct. Guam Dec. 5, 2012). The Guam Supreme Court has stated "[a] determination of irreparable harm typically focuses on categories of harm that do not easily lend themselves to monetary compensation. Irreparable harm exists where pecuniary compensation would not afford adequate relief or where it would be extremely difficult to ascertain the amount that would afford adequate relief." *Gutierrez*, 2015 Guam ¶ 37 (internal citations and quotes omitted). Further, "speculative injury does not constitute a showing of irreparable harm." *Hong Kong and Shanghai Banking Corp. v. Kallingal*, 2005 Guam 13 ¶ 22 (internal quotes omitted).

---

[3] *supra* note 3.

Here, the DOC is unable to show irreparable injury. As it relates to the payment of back pay, benefits, and attorneys fees, the alleged irreparable injury is the possibility of financial loss. The DOC alleges they will be likely be unable to recover their payment to Cruz. However, a financial loss, such as this one, does not rise to the level of irreparable harm, and there is no allegation by the DOC of any additional harm in relation to the payment of these items. Further, while the DOC has asserted that Cruz has a history of disobedience towards the DOC, the Court has not been presented with a history of Cruz's failure to return funds. Similarly, the Court has not been presented with a history of Cruz's failure to obey Court orders. Therefore, while the DOC may suffer a financial injury, it does not rise to the level of an irreparable injury.

Similarly, as it relates to a stay of proceedings, the DOC has been unable to establish that they will suffer irreparable injury if a stay is not granted. The CSC proceedings, in theory, have concluded. They issued a Decision and Judgment in this matter. Further, the CSC attorney stated to the DOC attorney that they did not intend to commence further proceedings. Decl. Heather M. Zola at 2. Although this statement was later retracted because the CSC attorney asserted that he did not have the authority to make such a statement, the CSC has no reason to commence further proceedings. While the DOC has presented evidence that the CSC is not following its own rules, the potential for the CSC to commence further proceedings is just that, a potential harm. It does not rise to the level of a substantial injury. Further, although the DOC may suffer more than monetary harm if the CSC were to commense further proceedings, those potential additional harms are unkown. Therefore, DOC did not show that they will suffer irreparable injury if a stay of proceedings is not granted

### 3. Substantial Injury To Other Parties

The other parties involved in this case are the CSC and Cruz, and they are unlikely to


ORIGINAL

suffer substantial injury if a stay is granted. As it relates to the CSC, the Court does not find that there is a potential injury. Further, this lack of a potential substantial injury is highlighted by the fact that the CSC did not file an opposition to this motion. Similarly, the only potential injury that Cruz could assert would be the deferment of his financial award by the CSC. Further, in his opposition, Cruz did not address any potential harm caused by a stay of enforcement for the payment of back pay, benefits, and attorneys fees. *See generally* Opp'n Mot. Therefore, there will not be substantial injury to other parties because there is no potential injury to the CSC and, at most, Cruz's financial award from the DOC will be deferred until a decision by the Court.

### 4. Public Interest

The public interest strongly favors the granting of a stay to protect public funds. In this case, the party requesting the stay is a public entity, the DOC. If the DOC is not granted a stay, public funds will be used to pay Cruz. The public has an interest in maintaining those funds and preventing those funds from erroneously being distributed to other parties. Therefore, the public interest factor heavily weighs in favor of a stay.

## III.    CONCLUSION AND ORDER

The DOC cannot be granted a stay from the enforcement of Cruz's reinstatement because the wording of the statute requires that he be reinstated. Similarly, although the DOC has established that the merits of the case, substantial injury, and public interest all favor the granting of a stay, DOC has failed to establish an irreparable harm—one of the two threshold factors. Therefore, DOC has not met its burden of showing that the Court should grant a stay. Based on the foregoing, the Court DENIES the DOC's motion to stay the enforcement of the CSC judgment and CSC proceedings.


ORIGINAL

SO ORDERED this 26th day of October 2022.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Assistant Attorney General Heather Martinez Zona, Office of the Attorney General, for
    Petitioner
Eric D. Miller, Esq., Civil Service Commission, for Respondent Civil Service Commission
Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C., for Real Party in Interest Joseph Cruz II


ORIGINAL